## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|   |   |
|---|---|
| *In re Tenaris S.A. Securities Litigation* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  No. 1: 18-CV-07059-RJD-SJB |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## ANSWER OF DEFENDANTS TENARIS, S.A. AND PAOLO ROCCA TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Robert J. Giuffra, Jr. (*giuffrar@sullcrom.com*)
Sergio J. Galvis (*galviss@sullcrom.com*)
Eric R. Merron (*merrone@sullcrom.com*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Brendan P. Cullen (*cullenb@sullcrom.com*)
Sverker K. Hogberg (*hogbergs@sullcrom.com*)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Telephone: (650) 461-5600
Facsimile: (650) 461-5700

*Counsel for Tenaris S.A. and Paolo Rocca*

Defendants Tenaris, S.A. and Paolo Rocca ("Defendants"), by their undersigned counsel, hereby answer Lead Plaintiffs Lynn Sanders and Starr Sanders ("Lead Plaintiffs" or "Plaintiffs") Consolidated Class Action Complaint ("Complaint") in the above-captioned action.  Defendants provide this Answer based on a reasonable inquiry and their knowledge to date.  Defendants' review of the matters that are the subject of this Complaint is ongoing and Defendants accordingly reserve the right to amend, supplement, revise, clarify, or correct the responses set forth below.

On October 9, 2020, the Court issued an Order re Motion to Dismiss (the "Order") granting in part, and denying in part, Defendants' Motion to Dismiss the Complaint that dismissed (i) all claims against San Faustin S.A.; (ii) all claims against Techint Holdings S.á r.l. and (iii) all claims against Edgardo Carlos (collectively, the "Dismissed Claims" or "Dismissed Claims and Parties").  Accordingly, substantial portions of the Complaint are inoperative and do not require a response.  Defendants respond to the remaining allegations as follows:

For the avoidance of doubt, any allegation not expressly admitted herein by Defendants is denied by Defendants.  Further, Defendants are not required to respond to the headings, sub-headings, appendices or footnotes of the Complaint, but, to the extent any response is required, unless otherwise expressly stated, Defendants deny the allegations and characterization of allegations set forth in the headings, sub-headings, appendices and footnotes of the Complaint.

1.      In response to paragraph 1, Defendants state that it is an explanatory statement by Lead Plaintiff to which no response is required.  To the extent that any further response is required, Defendants admit that Plaintiffs have been appointed lead plaintiff in this action; and that Lead Plaintiffs, through their counsel, have signed the Complaint, which makes allegations against Defendants; but otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny those allegations.

2.      In response to the first sentence of paragraph 2, Defendants admit that Tenaris, through its subsidiaries, is a manufacturer of steel pipe, casing, tubing, line pipe, and mechanical and structural pipes, primarily for the oil and gas industry, but deny that Tenaris is "Argentina-based."  In response to the second sentence of paragraph 2, Defendants admit that it purports to quote a statement on Tenaris's website, and respectfully refer the Court to Tenaris's website for a complete and accurate description of its contents, but otherwise deny.

3.      In response to paragraph 3, Defendants admit that Tenaris is one of a number of companies owned in whole or in part by Techint Holdings S.á r.l. ("Techint Holdings"), that Techint Holdings is a holding company with subsidiary companies that provide products and services in the steel, oil, gas, engineering construction, and services (collectively, "Techint"), that the grandfather of Mr. Rocca founded the first of the many companies that comprise Techint today, that Mr. Rocca currently serves as the Chief Executive Officer of Tenaris, that certain Techint companies have offices in Italy and Argentina, and Techint Holdings' office is in Luxembourg. Defendants otherwise deny.

4.      In response to the first sentence of paragraph 4, Defendants admit that Sidor is a steel manufacturer in Latin America that was majority owned by Ternium S.A. ("Ternium") and that Ternium is a subsidiary of Techint Holdings, but otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny those allegations.  In response to the second sentence of paragraph 4, Defendants admit that Mr. Rocca asked the Argentine government on behalf of Ternium to aid Ternium in its negotiations with the Venezuelan government regarding, among other things, the safe repatriation to Argentina of certain Ternium employees, but otherwise deny.  In response to

the third sentence of paragraph 4, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny.

5. In response to paragraph 5, Defendants admit that Tenaris and Ternium are the two largest companies controlled and held in part by Techint Holdings, admit that Tenaris owns an 11.5% stake in Ternium, and admit that Ternium had a controlling interest in Sidor until July 12, 2008, but otherwise deny.

6. Defendants admit that the first sentence of paragraph 6 purports to characterize an announcement made by the Venezuelan government with respect to Sidor and Defendants respectfully refer the Court to that announcement for a complete and accurate description of its contents, but otherwise deny.  In response to the second sentence of paragraph 6, Defendants admit that it purports to characterize various media reports and respectfully refer the Court to those media reports for a complete and accurate description of their contents, but otherwise deny.  In response to the third sentence of paragraph 6, Defendants admit that Venezuela publicly stated that it valued Sidor at $800 million, but otherwise deny.

7. In response to paragraph 7, Defendants admit that the Venezuelan government's purchase price was announced to the public in May 2009 as $1.97 billion but otherwise deny. Defendants also admit that the second and third sentences of paragraph 7 purport to describe and characterize analyst reports by Deutsche Bank and UBS and Defendants respectfully refer the Court to those analyst reports for a full a complete description of their content, but otherwise deny. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny.

8. In response to the first sentence of paragraph 8, Defendants admit that it purports to characterize public announcements in 2009 by President Hugo Chavez of Venezuela regarding

plans to nationalize certain steel firms located in Venezuela and respectfully refer the Court to those announcements for a complete and accurate description of their contents, but otherwise deny. Defendants are without information or knowledge sufficient so as to form a belief as to the truth of the remaining allegations in paragraph 8 and on that basis deny.

9.      In response to the first sentence of paragraph 9, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny. In response to the second sentence of paragraph 9, Defendants admit.

10.      In response to paragraph 10, Defendants admit that a former employee of a subsidiary of Techint Holdings admitted making certain cash deliveries in Argentine pesos to individuals presumably associated with Argentine government officials between 2006 and 2007 and from April 2008 to December 2008.  The remaining allegations are denied.

11.      Defendants admit that paragraph 11 purports to characterize the content of an Argentine newspaper article and Defendants respectfully refer the Court to the August 1, 2018 *La Nacion* article for a complete and accurate description of its contents, but otherwise deny. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and on that basis deny.

12.      In response to paragraph 12, Defendants admit that criminal charges have been filed against certain business leaders and government officials, that former Argentine president, Cristina Kirchner, has also been subject to criminal charges, and that Néstor Kirchner died on October 27, 2010.  The remaining allegations are denied.

13.      In response to paragraph 13, Defendants admit that in August 2018, Argentine police entered and removed certain documents from the offices of an indirect subsidiary of Techint Holdings in Buenos Aires, but otherwise deny.

14.     Defendants admit that Paragraph 14 purports to characterize the contents of two 2018 news articles and respectfully refer the Court to those news articles for a complete and accurate record of their contents, but otherwise deny.   Defendants are otherwise without information or knowledge sufficient to form a belief as to the truth of the remaining allegations and on that basis deny.

15.     In response to paragraph 15, Defendants admit that the price of Tenaris ADSs closed at $24.36 per ADS on November 27, 2018 but otherwise deny.  In response to the allegation of "damaging investors," Defendants state that this contains a legal conclusion to which no response is required; to the extent a response is required, Defendants deny.

16.     Defendants admit that paragraph 16 purports to describe a December 5, 2018 press release published by Tenaris and respectfully refer the Court to the press release for a full and accurate description of its contents, but otherwise deny.

17.     In response to paragraph 17, Defendants admit that the price of Tenaris ADSs closed at $23.43 per ADS on December 6, 2018, but otherwise deny. In response to the allegation of "damaging investors," Defendants state that this contains a legal conclusion to which no response is required; to the extent a response is required, Defendants deny.

18.     Defendants admit that paragraph 18, purports to characterize the contents of documents from separate proceedings related to the Notebooks Case and respectfully refer the Court to the original documents filed in the Notebooks Case for a complete and accurate description of their contents, but otherwise deny.

19.     In response to paragraph 19, Defendants admit that Mr. Rocca, Mr. Zabaleta and Mr. Betnaza testified in proceedings with the Argentine Federal Court concerning the Notebooks Case.  Defendants also admit that paragraph 19 purports to characterize the testimony of Messrs.

Rocca, Zabaleta and Betnaza and respectfully refer the Court to their testimony for a complete and accurate record of their contents, but otherwise deny. Defendants are otherwise without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and on that basis deny.

20.     In response to the first sentence of paragraph 20, Defendants admit that it purports to characterize Mr. Rocca's testimony in proceedings before the Argentine Federal Court, and respectfully refer the Court to the investigation transcript for a complete and accurate description of its contents, but otherwise deny. In response to the second sentence of paragraph 20, Defendants admit that this sentence purports to characterize and quote Mr. Rocca's testimony, and respectfully refer the Court to the transcript for those statements for a complete and accurate description of their contents, but otherwise deny.

21.     In response to paragraph 21, Defendants state that these sentences contain legal conclusions to which no response is required. To the extent that any further response is required, Defendants admit that this Court has jurisdiction over the subject matter of this action but deny that any violations of law occurred.

22.     In response to paragraph 22, Defendants state that these sentences contain legal conclusions to which no response is required. To the extent any further response is required, Defendants admit that venue is proper in this district but deny any violations of law occurred.

23.     In response to paragraph 23, Defendants state that this paragraph contains legal conclusions to which no response is required. To the extent that any further response is required, Defendants deny.

24.     In response to the first sentence of paragraph 24, Defendants deny that Plaintiffs purchased ADSs at an artificially inflated price, and are without information or knowledge

sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny.  In response to the second sentence of paragraph 24, Defendants admit that Plaintiffs filed the required certifications under the PSLRA, but are without information or knowledge sufficient so as to form a belief as to the truth of the contents of those certifications and on that basis deny.

25.     In response to paragraph 25, Defendants admit that (i) Tenaris's ADSs are traded on the New York Stock Exchange under the ticker symbol "TS"; (ii) Tenaris, through its subsidiaries, produces and finishes steel pipe and does business throughout the world, and (iii) Tenaris is incorporated in Luxembourg, but otherwise deny.

26.     In response to paragraph 26 and footnote 2 thereto, Defendants state that this paragraph relates to Dismissed Claims and Parties for which no response is required.  To the extent that any response is required, Defendants admit that San Faustin S.A. is a public limited liability company (societé anonyme) incorporated under the laws of Luxembourg.  Defendants further admit that (i) San Faustin indirectly owned a 60.45% stake in Tenaris during the Class Period, (ii) during the Class Period San Faustin's registered office was located at Boulevard Prince Henri 3B –3rd Floor, L-1724 Luxembourg; (iii) San Faustin is controlled by Rocca & Partners Stichting Administratiekantoor Aandelen San Faustin; and (iv) the voting committee of RP STAK is composed of Mr. Rocca, Gianfelice Rocca, Roberto Bonatti, Enrico Bonatti, Andrés Piñeyro, Giovanni Sardagna and Lodovico Rocca.  With respect to the remaining allegations, Defendants deny.

27.     In response to paragraph 27, Defendants state that this paragraph relates to Dismissed Claims and Parties for which no response is required.  To the extent that any response is required, Defendants admit that Techint Holdings is a company incorporated under the laws of Luxembourg and is wholly owned by San Faustin.  Defendants further admit that (i) Techint

Holdings owned a 60.45% stake in Tenaris during the Class Period, (ii) during the Class Period, Techint Holdings had offices listed at Boulevard Prince Henri 3B –3rd Floor, L-1724 Luxembourg, Grand-Duchy Luxembourg.  With respect to the remaining allegations, Defendants deny.

28.     In response to the first and second sentences of paragraph 28, Defendants admit that Mr. Rocca was Tenaris's Chairman and CEO, Ternium's Chairman, a director and vice president at San Faustin, and a director of Techint Financial Corporation during the Class Period and at certain times prior to the Class Period, and otherwise deny the remaining allegations.  In response to the third sentence of paragraph 28, Defendants admit.

29.     In response to paragraph 29, Defendants state that this paragraph relates to Dismissed Claims and Parties for which no response is required.  To the extent that any response is required, Defendants admit that Mr. Carlos was Tenaris's CFO from July 1, 2013, until August 5, 2019; that he was a financial manager in Sidor until 2001 before becoming a Financial Director, that he was appointed Tenaris's Administration and financial manager for North America, that in 2007 he served the same role for Central America, and that in 2009 he became Tenaris's Economic and Financial Planning Director, and that he held this position until he became Tenaris's CFO. Defendants further admit that the final sentence of paragraph 29 purports to characterize an announcement by Tenaris that Mr. Carlos would be stepping down as CFO and respectfully refer the Court to that announcement for a complete and accurate description of its content, but otherwise deny.

30.     In response to paragraph 30, Defendants state that this is an explanatory statement to which no response is required.

31.     In response to paragraph 31, Defendants state that this is an explanatory statement to which no response is required.

32.     In response to paragraph 32, Defendants state that this paragraph relates, in part, to Dismissed Claims and Parties for which no response is required.  To the extent any response is required, in response to paragraph 32, sub-parts a. and b., Defendants admit that Mr. Rocca was the CEO of Tenaris and Mr. Carlos was the CFO of Tenaris during the Class Period and at certain times prior to the Class Period and were involved in the management of Tenaris in those capacities, but otherwise deny.  In response to sub-part c., Defendants admit that Messrs. Rocca and Carlos may have had access to certain confidential information belonging to Tenaris in their capacities as CEO and CFO, respectively, but otherwise deny.  In response to sub-part d., Defendants admit that Messrs. Rocca and Carlos signed certain Tenaris securities filings, but otherwise deny.  In response to sub-part e., Defendants state that this sub-part contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny.  In response to sub-part f., Defendants state that this sub-part contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny.  In response to sub-part g., Defendants state that this sub-part contains a legal conclusion to which no response is required; to the extent a response is required, Defendants admit that Messrs. Rocca and Carlos signed certain Tenaris securities filings but otherwise deny the remaining allegations.  In response to sub-part h., Defendants admit.

33.     In response to paragraph 33, Defendants state that this paragraph contains legal conclusions to which no response is required; to the extent any response is required, Defendants deny.

34.     In response to paragraph 34, Defendants state that it relates to Dismissed Claims and Parties; to the extent any response is required, Defendants deny.  Defendants also state that

this paragraph contains legal conclusions to which no response is required, to the extent a response is required, Defendants deny.  The remaining allegations are denied.

35.    In response to paragraph 35, Defendants state that it contains legal conclusions to which no response is required; to the extent any response is required, Defendants deny.

36.    In response to the first sentence of paragraph 36, Defendants admit that Mr. Zabaleta was an employee of an indirect subsidiary of Techint Holdings, but otherwise deny. Defendants admit that the second sentence of paragraph 36 and footnote 3 purport to describe a news article, and Defendants respectfully refer the Court to that news article for a complete and accurate account of its content, but otherwise deny.  Defendants admit that the third sentence of paragraph 36 purports to characterize one of Mr. Zabaleta's statements in the "Notebooks Case," and Defendants respectfully refer the Court to the transcript of these statements for a complete and accurate description of their contents, but otherwise deny.  Defendants admit that the fourth and fifth sentences of paragraph 36 purport to describe and characterize various media reports and Defendants respectfully refer the Court to these media reports for a complete and accurate description of their contents, but otherwise deny.  Defendants admit that the sixth and seventh sentences of paragraph 36 purport to characterize the results or context of those media reports or investigations, and Defendants respectfully refer the Court to the cited documents for a complete and accurate description of their contents, but otherwise deny.  Defendants admit that footnote 6 purports to characterize a Reuters article concerning Skanska AB and Defendants respectfully refer the Court to that article for a complete and accurate description of its contents, but otherwise deny.

37.    In response to the first sentence of paragraph 37, Defendants admit that Mr. Betnaza has been Corporate Director of a subsidiary of Techint Holdings, but otherwise deny.  Defendants admit that the second sentence of paragraph 37 purports to characterize a Spanish-language news

report and Defendants respectfully refer the Court to that report for a complete and accurate description of its contents, but otherwise deny.  Defendants admit that the third sentence of paragraph 37 purports to characterize Mr. Rocca's statement filed in the Notebooks Case and Defendants respectfully refer the Court to that document for a complete and accurate description of its contents, but otherwise deny.  In response to the fourth sentence of paragraph 37 Defendants admit that Mr. Betnaza was formally charged in Argentina, which charges were subsequently revoked, and refer the Court to the charging documents for a complete and accurate description of their contents, but otherwise deny. Both Mr. Betnaza's and Mr. Zabaleta's criminal charges were subsequently revoked by a federal Argentine appellate court.

38.     Defendants admit that paragraph 38 purports to characterize the content of Mr. Baratta's testimony and documents introduced in the Notebooks Case; Defendants respectfully refer the Court to Mr. Baratta's investigative statement, and the relevant documents admitted into the Notebooks Case for a complete and accurate description of their contents and otherwise state that they are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations and on that basis deny.

39.     In response to paragraph 39, Defendants admit that Mr. Centeno has been charged with bribery and conspiracy in the Notebooks Case and refer the Court to the charging documents for a complete and accurate description of the charges brought against Mr. Centeno.  Defendants otherwise are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations and on that basis deny.

40.     In response to paragraph 40, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis deny.

41.     In response to paragraph 41, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis deny.

42.     In response to paragraph 42, Defendants admit.

43.     In response to paragraph 43, Defendants admit.

44.     In response to paragraph 44, Defendants deny that Tenaris is headquartered in Buenos Aires, Argentina, but otherwise admit.

45.     In response to paragraph 45, Defendants admit that: (i) Tenaris is among the largest of the companies controlled and held in part by Techint Holdings; (ii) San Faustin wholly owned Techint Holdings during the Class Period; and (iii) Techint Holdings owned approximately 60% of Tenaris's share capital during the Class Period.  Defendants deny the remaining allegations.

46.     In response to the first sentence of paragraph 46, Defendants deny.  In response to the remaining allegations, Defendants admit: that (i) Gianfelice Rocca was the chairman of the board of directors of San Faustin, and was a member of the boards of directors of Tenaris and Ternium; that (ii) Roberto Bonatti was San Faustin's president and was a member of the boards of directors of Ternium and Tenaris during the Class Period; that (iii) during the Class Period Defendant Rocca was San Faustin's vice president and chairman of the board of directors of Ternium; that (iv) Mr. Rocca, Gianfelice Rocca, Roberto Bonatti, and Alberto Valsecchi served on the San Faustin board of directors during the Class Period; that (v) Carlos Condorelli served on the Ternium board of directors during the Class Period; and that (vi) Mr. Rocca, Mr. Bonatti, Mr. Valsecchi, Fernando Ricardo Mantilla, and Fernando Jorge Mantilla had a business address listed at Av. Leandro N. Alem 1067/Carlos María Della Paolera 299, Buenos Aires, Argentina. Defendants deny the remaining allegations.

47.     In response to paragraph 47, Defendants state that this paragraph relates to Dismissed Claims and Parties, to which no response is required.  To the extent a response is required, Defendants admit that paragraph 47 purports to describe and characterize the 2018 testimony of Mr. Rocca; Defendants respectfully refer the Court to the original testimony for a complete and accurate description of its contents, but otherwise deny.

48.     In response to paragraph 48, Defendants state that this paragraph relates to Dismissed Claims and Parties, to which no response is required.  To the extent a response is required, Defendants admit that paragraph 48 purports to characterize and describe the contents of a statement of an unidentified confidential witness to which Defendants do not have access and respectfully refer the Court to the statement for a complete and accurate record of its contents, but otherwise deny.

49.     In response to paragraph 49, Defendants state that this paragraph relates to Dismissed Claims and Parties, to which no response is required.  To the extent a response is required, Defendants admit that paragraph 49 purports to characterize and describe the contents of a statement by an unidentified confidential witness to which Defendants do not have access and respectfully refer the Court to the statement for a complete and accurate record of its contents, but otherwise deny.

50.     In response to the first sentence of paragraph 50, Defendants state that this paragraph relates to Dismissed Claims and Parties to which no response is required.  In response to the second sentence of paragraph 50, Defendants admit that subsidiaries of Ternium and Tenaris maintained offices at the same addresses in Venezuela, Argentina, and Luxembourg and that Ternium and Tenaris are both incorporated in Luxembourg, but otherwise deny.

51.     Defendants admit that the first sentence of paragraph 51 purports to describe and characterize Tenaris's Form 20-F filed June 30, 2009; Defendants respectfully refer the Court to the Form 20-F for a complete and accurate record of its contents, but otherwise deny.  In response to the remaining allegations of paragraph 51, Defendants deny.

52.     Defendants admit that the first sentence of paragraph 52 purports to describe and characterize the terms of a contract between Sidor and Tavsa and Defendants respectfully refer the Court to that contract for a complete and accurate statements of its terms. Defendants further admit that (i) Tavsa entered into a contract with Sidor in 1998 obligating Sidor to sell up to 90,000 tons of blooms or 130,000 tons of liquid steel per year, until 2013 and (ii) that this contract would have been effective during 2008 and 2009, but deny the remaining allegations.  In response to footnote 11, Defendants admit that it purports to characterize Mr. Betnaza's investigative statement and Defendants respectfully refer the Court to that statement for a complete and accurate account of its content, but otherwise deny.

53.     In response to the first sentence of paragraph 53, Defendants admit that Tenaris and Sidor entered into a joint venture to organize Matesi in which Sidor had a 49.8% interest and Tenaris had a 50.2% interest, but otherwise deny.  In response to the second and third sentences of paragraph 53, Defendants admit that Posven owned the described inactive iron manufacturing facility but otherwise deny the remaining allegations.  In response to the fourth sentence of paragraph 53, Defendants are without information or knowledge sufficient to form a belief as to its truth and on that basis deny.  In response to the fifth sentence Defendants admit.

54.     In response to paragraph 54, Defendants admit.

55.     In response to paragraph 55, Defendants admit that Tenaris entered into a deferred prosecution agreement ("DPA") with the SEC in March 2011 relating to alleged unlawful conduct in Uzbekistan in or about 2006 through 2008, but otherwise deny.

56.     In response to paragraph 56, Defendants admit that it purports to characterize the terms of the DPA and respectfully refer the Court to the DPA for a complete and accurate description of its contents, but otherwise deny.

57.     In response to paragraph 57, Defendants admit that it purports to characterize the content of the DPA and respectfully refer the Court to the DPA for a complete and accurate description of its contents, but otherwise deny.

58.     In response to paragraph 58, Defendants admit that it purports to characterize the content of the DPA and respectfully refer the Court to the DPA for a complete and accurate description of its contents, but otherwise deny.

59.     In response to paragraph 59, Defendants deny.

60.     In response to paragraph 60, Defendants admit that it purports to characterize the content of the DPA and respectfully refer the Court to the DPA for a complete and accurate description of its contents, but otherwise deny.

61.     In response to paragraph 61, Defendants deny that Tenaris is or has been "implicated" in the *Lava Jato* investigation and otherwise are without information or belief sufficient so as to form a belief as to the truth of these allegations and on that basis deny.

62.     In response to the first sentence of paragraph 62, Defendants admit that Confab Industrial S.A. is a wholly owned Tenaris subsidiary, but otherwise deny.  In response to the second sentence of paragraph 62, Defendants admit.  In response to the third sentence of paragraph 62, Defendants deny.

63.     In response to paragraph 63, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis deny

64.     In response to paragraph 64, Defendants deny.

65.     In response to paragraph 65, Defendants admit that Italian authorities have initiated investigations that concern, in part, Mr. Rocca, Gianfelice Rocca, Lodovico Andrea "Palu" Rocca, Roberto Bonatti, and Mr. Zabaleta, but otherwise deny.

66.     Defendants admit that paragraph 66 purports to describe and characterize Tenaris' November 4, 2016 6-K filing and Defendants respectfully refer the Court to the 2016 Form 6-K filing for a complete and accurate description of its contents, but otherwise deny.

67.     Defendants admit that Paragraph 67 purports to describe and characterize the contents of an October, 2018 request from an Italian prosecutor and Defendants respectfully refer the Court to that request for a complete and accurate description of its content.

68.     In response to paragraph 68, Defendants are without information or knowledge sufficient so as to form a belief as to the truth of these allegations, and on that basis deny.

69.     In response to the first sentence of paragraph 69, Defendants are without information or knowledge sufficient so as to form a belief as to the truth of these allegations, and on that basis deny.

70.     In response to paragraph 70, Defendants are without information or knowledge sufficient so as to form a belief as to the truth of these allegations, and on that basis deny.

71.     In response to paragraph 71, Defendants admit that Argentine officials obtained books and records from the offices of an indirect subsidiary of Techint Holdings in the summer of 2018 in connection with the Notebooks Case investigation, but otherwise are without information

or knowledge sufficient so as to form a belief as to the truth of these allegations, and on that basis deny.

72.      In response to paragraph 72, Defendants are without information or knowledge sufficient to form a belief as to the truth of these allegations and on that basis deny.

73.      In response to paragraph 73, Defendants deny.

74.      Defendants admit that paragraph 74 purports to describe and characterize the contents of the notebooks maintained by Mr. Centeno and Defendants respectfully refer the Court to those documents for a complete and accurate description of their contents, but otherwise deny.

75.      Defendants admit that the first and second sentences of paragraph 75 purport to describe and characterize the contents of the notebooks maintained by Mr. Centeno and Defendants respectfully refer the Court to those documents for a complete and accurate description of their contents, but otherwise deny.  Defendants admit that the third sentence of paragraph 75 purports to describe and characterize the testimony of Mr. Uberti and Defendants respectfully refer the Court to Mr. Uberti's testimony for a complete and accurate description of its contents, but otherwise deny.

76.      Defendants admit that paragraph 76 purports to describe and characterize the Investigative Statement of Luis Betnaza; Defendants respectfully refer the Court to the Investigative Statement of Mr. Betnaza for a complete and accurate description of its contents, but otherwise deny.

77.      Defendants admit that paragraph 77 purports to describe and characterize the Investigative Statement of Luis Betnaza; Defendants respectfully refer the Court to the Investigative Statement of Mr. Betnaza for a complete and accurate description of its contents, but otherwise deny.

78.     Defendants admit that paragraph 78 purports to describe and characterize the testimony of Mr. Uberti and Defendants respectfully refer the Court to the Investigative Statement of Mr. Uberti for a complete and accurate description of its contents, but otherwise deny.

79.     In response to paragraph 79, Defendants admit that Mr. Rocca attended a ceremony and dinner in February 2007 that included certain government officials from Venezuela and Argentina, but otherwise deny the allegations.

80.     In response to the first sentence of paragraph 80, Defendants deny.  Defendants admit that the remaining allegations in paragraph 80 purport to characterize Mr. Uberti's testimony and Defendants respectfully refer the Court to Mr. Uberti's investigative statement for a complete and accurate description of its contents, but otherwise deny.  In response to footnote 15, Defendants admit that an indirect subsidiary of Techint Holdings in Buenos Aires has an office in a building with an entrance from Carlos María Della Paolera street, that the offices of Siderca S.A.I.C., an indirect subsidiary of Tenaris in Buenos Aires, are located in a separate building with entrances from Carlos María Della Paolera street and from Avenida Leandro N. Alem, and that Siderca's primary business address in Buenos Aires is on the 27th floor of that building, and that Siderca and other Tenaris subsidiaries or branch offices occupy office space on certain other floors as well, but otherwise deny.

81.     In response to paragraph 81, Defendants deny.

82.     In response to the first sentence of paragraph 82, Defendants admit.  In response to the second sentence of paragraph 82, Defendants admit that it purports to characterize the testimony of Mr. Rocca and Defendants respectfully refer the Court to Mr. Rocca's testimony for a complete and accurate description of its contents, but otherwise deny.

83.     In response to paragraph 83, Defendants admit.

84.     In response to paragraph 84, Defendants admit that it purports to characterize a public statement by Rodolfo Sanz and Defendants respectfully refer the Court to Mr. Sanz's statement for a complete and accurate description of its contents, but otherwise deny.

85.     In response to the first sentence of paragraph 85, Defendants admit that it purports to characterize and describe the contents of certain news articles from 2008 and Defendants respectfully refer the Court to those articles for a complete and accurate record of their content, but otherwise deny.   In response to the second sentence of paragraph 85, Defendants deny. Defendants further admit that paragraph 85 purports to characterize the contents of a Reuters news article, and Defendants respectfully refer the Court to the Reuters article for a complete and accurate description of its contents, but otherwise deny.

86.     In response to paragraph 86, Defendants admit that it purports to characterize a resolution passed on April 29, 2008 by the National Assembly of the Republic of Venezuela and Defendants respectfully refer the Court to the resolution for a complete and accurate description of its contents, but otherwise deny.

87.     In response to the first sentence of paragraph 87, Defendants admit.   In response to the second sentence of paragraph 87, Defendants admit.   In response to the third sentence of paragraph 87, Defendants admit that it purports to describe Mr. Betnaza's Testimonial Statement filed in the Notebooks Case and Defendants respectfully refer the Court to the transcript of Mr. Betnaza's statements for a complete and accurate description of its contents, but otherwise deny.

88.     In response to the first sentence of paragraph 88, Defendants deny.   In response to the second sentence of paragraph 88, Defendants lack information and knowledge sufficient so as to form a belief as to the truth of the allegations and on that basis deny.   Defendants admit that the third sentence of paragraph 88 purports to characterize and describe Mr. Betnaza's Testimonial

Statements and Defendants respectfully refer the Court to those statements for a complete and accurate description of their contents, but otherwise deny.

89.     In response to the first sentence of paragraph 89, Defendants admit that in May 2009 the sale of Ternium's stake in Sidor to the Venezuelan government was announced for the price of $1.97 billion, but otherwise deny.  In response to the second and third sentences of paragraph 89, Defendants admit that they purport to quote and characterize a May 7, 2009 analyst report issued by a Deutsche Bank analyst and Defendants respectfully refer the Court to that report for a complete and accurate description of its contents, but otherwise deny.

90.     In response to paragraph 90, Defendants deny.

91.     In response to paragraph 91, Defendants deny.

92.     In response to paragraph 92, Defendants are without information or knowledge sufficient to form a belief as to the truth of these allegations and on that basis deny.

93.     In response to paragraph 93, Defendants admit that Tenaris issued press releases on August 19, 2009 and November 17, 2009 and Defendants respectfully refer the Court to those press releases for a complete and accurate description of their contents, but otherwise deny.

94.     Defendants admit that paragraph 94 purports to characterize the contents of Mr. Centeno's notebooks and Defendants respectfully refer the Court to those notebooks for a complete and accurate description of their contents, but otherwise deny.

95.     Defendants admit that paragraph 95 purports to characterize the testimonial statements of Messrs. Betnaza and Zabaleta; Defendants respectfully refer the Court to the transcripts of these testimonial statements for a complete and accurate description of their contents, but otherwise deny.

96.     In response to the first sentence of paragraph 96, Defendants admit that in August 2018, certain Argentine Federal Police officials conducted a search at the offices of an indirect subsidiary of Techint Holdings located in Buenos Aires, and obtained certain documents and other materials, but otherwise deny.  Defendants admit that the second sentence of paragraph 96 purports to describe and characterize a newspaper article and Defendants respectfully refer the Court to that article for a complete and accurate descriptions of its contents, but otherwise deny.

97.     Defendants admit that paragraph 97 purports to describe and characterize Mr. Betnaza's testimony in the Notebooks Case; Defendants respectfully refer the Court to Mr. Betnaza's testimonial statement for a complete and accurate description of its contents, but otherwise deny.

98.     Defendants admit that the first sentence of paragraph 98 purports to describe and characterize Mr. Betnaza's testimony in the Notebooks Case; Defendants respectfully refer this Court to Mr. Betnaza's testimonial statement for a complete and accurate description of Mr. Betnaza's testimony, but otherwise deny.  Defendants admit that the second sentence of paragraph 98 purports to describe and characterize Mr. Uberti's testimonial statement in the Notebooks Case; Defendants respectfully refer the Court to Mr. Uberti's testimonial statement for a complete and accurate record of his testimony, but otherwise deny.

99.     In response to the first sentence of paragraph 99, to the extent it purports to characterize the testimony of Mr. Betnaza, Defendants respectfully refer the Court to Betnaza's testimonial statement for a complete and accurate record of his testimony, but otherwise deny.  In response to the second sentence of paragraph 99, Defendants admit that it purports to characterize Mr. Rocca's testimony and Defendants respectfully refer the Court to his testimonial statement for a complete and accurate description of its contents, but otherwise deny.

100.    Defendants admit that paragraph 100 purports to describe and characterize Mr. Rocca's testimonial statement in the Notebooks Case; Defendants respectfully refer the Court to Mr. Rocca's testimonial statement for a complete and accurate description of Mr. Rocca's testimony, but otherwise deny.

101.    In response to the first three sentences of paragraph 101, Defendants admit that Tenaris established a Code of Conduct in 2003, that it was updated in 2012 and in 2018, and that Tenaris has stated that the Code of Conduct was revised in 2012 in part in response to new laws and regulations, but otherwise deny.  Defendants admit that the fourth sentences of paragraph 101 purports to quote and characterize Tenaris's Code of Conduct and Defendants respectfully refer the Court to the Code of Conduct for a complete and accurate description of its contents, but otherwise deny.

102.    In response to paragraph 102, Defendants admit that it purports to quote and characterize Tenaris's Code of Conduct in place in 2012 and Defendants respectfully refer the Court to that Code of Conduct for a complete and accurate description of its contents, but otherwise deny.

103.    In response to paragraph 103, Defendants state that this paragraph relates to Dismissed Claims and Parties for which no response is required.  To the extent that any response is required, Defendants admit that Tenaris adopted a Code of Ethics for senior financial officers that is intended to supplement Tenaris's Code of Conduct, but otherwise deny.

104.    In response to paragraph 104, Defendants state that this paragraph relates to Dismissed Claims and Parties for which no response is required.  To the extent that any response is required, Defendants admit that it purports to quote and characterize Tenaris's Code of Ethics

and Defendants respectfully refer the Court to the Code of Ethics for a complete and accurate description of its contents, but otherwise deny.

105.    In response to paragraph 105, Defendants state that it contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny.

106.    In response to paragraph 106, Defendants state that it contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny.

107.    In response to paragraph 107, Defendants admit that Messrs. Rocca and Carlos signed Sarbanes-Oxley certifications in connection with Tenaris's Form 20-F that was filed with the Securities and Exchange Commission on April 30, 2014.  Defendants further admit that paragraph 107 purports to characterize Tenaris's 2013 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

108.    In response to paragraph 108, Defendants admit that it purports to characterize and quote Tenaris's 2013 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

109.    In response to paragraph 109, Defendants admit that it purports to characterize and quote Tenaris's 2013 Form 20-F; Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

110.    In response to paragraph 110, Defendants state that it contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny.

111.    Defendants admit that paragraph 111 purports to characterize and quote Tenaris's 2013 Form 20-F; Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny

112.    In response to paragraph 112, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

113.    In response to paragraph 113, Defendants admit that Messrs. Rocca and Carlos signed Sarbanes-Oxley certifications in connection with Tenaris's Form 20-F that was filed with the Securities and Exchange Commission on June 1, 2015.  Defendants further admit that paragraph 113 purports to characterize Tenaris's 2014 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

114.    In response to paragraph 114, Defendants admit that it purports to characterize and quote Tenaris's 2014 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents.

115.    In response to paragraph 115, Defendants admit that it purports to characterize and quote Tenaris's 2014 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

116.    In response to paragraph 116, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

117.    In response to paragraph 117, Defendants admit that it purports to characterize and quote Tenaris's 2014 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

118.    In response to paragraph 118, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

119.    In response to paragraph 119, Defendants admit that Messrs. Rocca and Carlos signed Sarbanes-Oxley certifications in connection with Tenaris's Form 20-F that was filed with

the Securities and Exchange Commission on May 2, 2016.  Defendants further admit that paragraph 119 purports to characterize and quote Tenaris's 2015 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

120.    In response to paragraph 120, Defendants admit that it purports to characterize and quote Tenaris's 2015 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents.

121.    In response to paragraph 121, Defendants admit that it purports to characterize and quote Tenaris's 2015 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

122.    In response to paragraph 122, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

123.    In response to paragraph 123, Defendants admit that it purports to characterize and quote Tenaris's 2015 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

124.    In response to paragraph 124, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

125.    In response to paragraph 125, Defendants admit that Messrs. Rocca and Carlos signed Sarbanes-Oxley certifications in connection with Tenaris's Form 20-F that was filed with the Securities and Exchange Commission on May 1, 2017.  Defendants further admit that paragraph 125 purports to characterize Tenaris's 2016 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

126.    Defendants admit that Paragraph 126 purports to characterize and quote Tenaris's 2016 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents.

127.    Defendants admit that Paragraph 127 purports to characterize and quote Tenaris's 2016 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

128.    In response to paragraph 128, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

129.    Defendants admit that paragraph 129 purports to characterize and quote Tenaris's 2016 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

130.    In response to paragraph 130, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

131.    In response to paragraph 131, Defendants admit that Messrs. Rocca and Carlos signed Sarbanes-Oxley certifications in connection with Tenaris's Form 20-F that was filed with the Securities and Exchange Commission on April 30, 2018.  Defendants further admit that paragraph 131 purports to characterize and quote Tenaris's 2017 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

132.    In response to paragraph 132, Defendants admit that it purports to characterize and quote Tenaris's 2017 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents.

133.    In response to paragraph 133, Defendants admit that it purports to characterize and quote Tenaris's 2017 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

134.    In response to paragraph 134, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

135.    In response to paragraph 135, Defendants admit that it purports to characterize and quote Tenaris's 2017 Form 20-F and Defendants respectfully refer the Court to that filing for a complete and accurate description of its contents, but otherwise deny.

136.    In response to paragraph 136, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

137.    In response to paragraph 137, Defendants state that it contains legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that paragraph 137 purports to characterize and quote SEC Regulation S-K and respectfully refer the Court to that regulation for a complete and accurate description of its contents, but otherwise deny.

138.    In response to paragraph 138, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that paragraph 138 purports to characterize and quote SEC Regulation S-K and respectfully refer the Court to that regulation for a complete and accurate description of its contents, but otherwise deny.

139.    In response to paragraph 139, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that paragraph 139 purports to characterize and quote SEC Regulation S-K and a 1989 SEC Interpretive Release and Defendants respectfully refer the Court to that regulation and release for a complete and accurate description of their contents, but otherwise deny.

140.    In response to paragraph 140, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that paragraph 140 purports to characterize and quote a 1989 SEC Interpretive Release and Defendants respectfully refer the Court to that release for a complete and accurate description of its instructions, but otherwise deny.

141.    In response to paragraph 141, Defendants state that it contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants admit that paragraph 141 purports to characterize a 1989 SEC Interpretive Release and respectfully refer the Court to that release for a complete and accurate description of its contents, but otherwise deny.

142.    In response to paragraph 142, Defendants state that it contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants admit that paragraph 142 purports to characterize 17 C.F.R. § 229.303 and respectfully refer the Court to that regulation for a complete and accurate description of its contents, but otherwise deny.

143.    In response to paragraph 143, Defendants admit that it purports to characterize and describe Bloomberg's November 27, 2018 article and Defendants respectfully refer the Court to that article for a complete and accurate description of its contents, but otherwise deny.

144.    In response to paragraph 144, Defendants admit that the price of Tenaris ADSs closed at $24.36 per ADS on November 27, 2018, but otherwise deny.  In response to the allegation of "damaging investors," Defendants state that this contains a legal conclusion to which no response is required; to the extent a response is required, Defendants deny.

145.    In response to paragraph 145, Defendants are without information or knowledge sufficient to form a belief as to the truth of this allegation and on that basis deny.

146.     In response to paragraph 146, Defendants admit that the price of Tenaris ADSs closed at $23.43 per ADS on December 6, 2018, but otherwise deny.  In response to the allegation of "damaging investors," Defendants state that this contains a legal conclusion to which no response is required; to the extent a response is required, Defendants deny.

147.     In response to paragraph 147, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

148.     In response to paragraph 148, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

149.     Paragraph 149 relates to Dismissed Claims and thus no response is necessary.  To the extent a response is required, Defendants deny.

150.     In response to paragraph 150, Defendants deny.

151.     In response to paragraph 151, Defendants deny.

152.     In response to paragraph 152, Defendants deny.

153.     In response to paragraph 153, Defendants state that this is an explanatory statement to which no response is required.  To the extent a response is required, Defendants deny.

154.     In response to the first two sentences of paragraph 154, Defendants state that they contain legal conclusions to which no response is required.  To the extent a response is required, Defendants are without information or knowledge sufficient so as to form a belief as to the truth of these allegations, and on that basis deny.  In response to the third sentence of paragraph 154, Defendants are without information or knowledge sufficient so as to form a belief as to what Plaintiffs believe and on that basis deny.  In response to the fourth sentence of paragraph 154, Defendants admit.  In response to the fifth sentence of paragraph 154, Defendants state that this is an explanatory statement to which no response is required.  To the extent a response is required,

Defendants admit.  In response to sixth sentence of paragraph 154, Defendants are without information or knowledge sufficient so as to form a belief as to the truth of these allegations and on that basis deny.

155.    In response to paragraph 155, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

156.    In response to paragraph 156, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

157.    In response to paragraph 157, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

158.    In response to paragraph 158, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

159.    In response to the first sentence of paragraph 159, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.  In response to the second and third sentences, Defendants deny.

160.    In response to paragraph 160, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

161.    In response to paragraph 161, Defendants state that contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

162.    In response to paragraph 162, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

163.    In response to paragraph 163, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

164.     In response to paragraph 164, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

165.     To the extent a response to paragraph 165 is required, Defendants incorporate their responses to paragraphs 1 through 164 as if fully set forth herein.

166.     In response to paragraph 166, Defendants state that this is an explanatory statement to which no response is required.  To the extent a response is required, Defendants deny.

167.     In response to paragraph 167, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

168.     In response to paragraph 168, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

169.     In response to paragraph 169, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

170.     In response to paragraph 170, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

171.     In response to paragraph 171, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

172.     In response to paragraph 172, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

173.     In response to paragraph 173, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

174.     In response to paragraph 174, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

175.     To the extent a response to paragraph 175 is required, Defendants incorporate their responses to paragraphs 1 through 174 as if fully set forth herein.

176.     In response to paragraph 176, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

177.     In response to paragraph 177, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

178.     In response to paragraph 178, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

179.     In response to paragraph 179, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

180.     In response to paragraph 180, Defendants state that it contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief and judgment, as follows:

A.     Judgment be entered in favor of Defendants;

B.     That Plaintiffs take nothing by reason of the claims and Counts asserted herein;

C.     That the Complaint, and the Causes of Action against Defendants, be dismissed with prejudice; and

D.     Awarding such other and further relief as this Court may deem just and proper.

Plaintiffs' Complaint contains an unnumbered paragraph with subparts a through d containing Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief in this action.

Plaintiffs' Complaint contains an unnumbered paragraph containing Plaintiffs' jury demand, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief in this action and thus no jury is required.

## AFFIRMATIVE DEFENSES

As separate defenses to the Complaint and the causes of actions asserted against Defendants therein (the "Causes of Action"), and without assuming the burden of proof on matters as to which they have no such burden, Defendants state as follows:

### FIRST DEFENSE

### (Failure to State a Cause of Action Upon Which Relief May be Granted)

The Complaint and the Causes of Action asserted therein, fail to state facts sufficient to constitute a cause of action against Defendants.

### SECOND DEFENSE

### (No Causation)

Plaintiffs and putative class members are not entitled to any recovery because no act or omission attributed to Defendants in the Complaint was the actual or proximate cause of any injury suffered by Plaintiffs or putative class members.

### THIRD DEFENSE

### (No False or Misleading Statements of Material Fact or Omissions)

Plaintiffs and putative class members are not entitled to any recovery because the documents quoted in the Complaint did not contain any untrue statement of material fact, and did not omit to state any material fact required to be stated or necessary to make the statements made not misleading.

### FOURTH DEFENSE

### (No Reliance)

Plaintiffs and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members did not and could not have reasonably and/or justifiably

relied on the alleged misstatements or omissions alleged in the Complaint and Plaintiffs and putative class members did not purchase or sell any ADSs in reliance on the statements and omissions alleged in the Complaint.

### FIFTH DEFENSE

### (Plaintiffs' Negligence)

Plaintiffs and putative class members' claims are barred in whole or in part because, to the extent that Plaintiffs and putative class members were injured or damaged as alleged in the Complaint, which is denied, Plaintiffs and putative class members' comparative and/or contributory negligence in connection with reviewing the facts and circumstances surrounding their purchase of ADS securities at issue in this action precludes some or all of the recovery they seek.

### SIXTH DEFENSE

### (Failure to Mitigate)

Plaintiffs and putative class members' claims are barred in whole or in part because and to the extent that Plaintiffs and putative class members failed to make reasonable efforts to mitigate their alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

### SEVENTH DEFENSE

### (No Duty)

Plaintiffs and putative class members' claims are barred in whole or in part because Defendants neither owed nor breached any duty to Plaintiffs or putative class members to disclose information allegedly omitted from any statement alleged in the Complaint, and had no duty to verify, opine upon, audit, review or correct such information.

**EIGHTH DEFENSE**

**(Immateriality)**

Plaintiffs and putative class members' claims are barred in whole or in part because the allegedly untrue statements of material fact and/or omissions of material fact were not material to the investment decisions of a reasonable investor.

**NINTH DEFENSE**

**(Non-Actionable Statements)**

Plaintiffs and putative class members' claims are barred in whole or in part because the alleged misstatements are non-actionable statements that contain expressions of opinion that were truly held at the time they were made.

**TENTH DEFENSE**

**(Faults of Others)**

Plaintiffs and putative class members' claims are barred in whole or in part because, to the extent that Plaintiffs or putative class members incurred any injury or damage as alleged in the Complaint, which is denied, any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendants and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

**ELEVENTH DEFENSE**

**(No False and Misleading Statements)**

Plaintiffs and putative class members' claims are barred, in whole or in part, because Defendants did not make, or play any role in the making of, certain of the statements alleged in the Complaint as false and misleading.

## TWELFTH DEFENSE

### (Statute of Limitations)

Plaintiffs and putative class members' claims relating to alleged improper payments during 2008 and 2009 are barred in whole or part, by the applicable statute of limitations.

## THIRTEENTH DEFENSE

### (Events Ocurring Outside Class Period)

Plaintiffs and putative class members' claims are barred in whole or part  because they relate to alleged conduct which occurred outside of the class period.

## FOURTEENTH DEFENSE

### (Reservation of Rights)

Defendants reserve the right to raise any additional defenses, counterclaims, cross claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, and will amend or modify their answer accordingly.   Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this action.

December 1, 2020                    Respectfully submitted,


*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr. (*giuffrar@sullcrom.com*)
Sergio J. Galvis (*galviss@sullcrom.com*)
Eric R Merron (*merrone@sullcrom.com*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Brendan P. Cullen (*cullenb@sullcrom.com*)
Sverker K. Hogberg (*hogbergs@sullcrom.com*)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Telephone: (650) 461-5600
Facsimile: (650) 461-5700

**CERTIFICATE OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On December 1, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 1, 2020, at New York, New York.

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

39